# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRET LANTZ, et al., | 3:05-CV-0207-VPC |
| Plaintiffs, | |
| vs. | **ORDER** |
| KENNETH KREIDER, et al., | |
| Defendants. | |

Before the court is defendants' motion to withdraw judicial admissions (#125) to which plaintiffs responded (#130), and defendants replied (#135).

On March 24, 2008, the Ninth Circuit Court of Appeals issued a memorandum decision reversing and remanding the action to decide whether the defendants, acting under color of state law, engaged in conduct that resulted in a pre-deprivation of their property rights in violation of their Fourteenth Amendment rights and state law (#44). Upon remand, the parties engaged in discovery, and the case was set for trial on September 28, 2009 (#86). The court vacated the trial due to the serious illness and medical treatment required for one of plaintiffs' attorney's family members, but set the matter for trial on December 14, 2009 (#s 89 & 90). In anticipation of the second trial setting, defendants filed a series of motions in limine (#s 93-97). However, before the second trial setting, defendants' counsel sought and received a continuance of the trial based on the illness and medical treatment for one of the defendants (#107). However, the court held a motions hearing on defendants' motions in limine on December 9, 2009, and it denied defendants' motion in limine #5 to exclude examination, testimony, evidence and argument of Ninth Circuit (# 112). Trial was later set for March 16, 2010 (#128).

On January 28, 2010, defendants filed a motion styled as a motion to withdraw judicial admissions (#125), which is now before the court. The defendants concede that the subject of this new motion is identical to their prior motion in limine #5; that is, they seek to exclude at trial defendants'

counsel's statements on February 15, 2008, at oral argument before the Ninth Circuit Court of Appeals. However, defendants cast the motion as a "motion to withdraw judicial admissions," as opposed to a motion for reconsideration, on the theory that since this court earlier held that these statements constitute judicial admissions, they now wish to withdraw those judicial admissions.

The court construes defendants' motion as a motion for reconsideration of its prior order of December 9, 2009 (#112).   A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001). This plenary power derives from the common law, and is not limited by the provisions of the Federal Rules of Civil Procedure, so long as it is not exercised inconsistently with those rules. *See id.* at 886-87. Although several districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, *see Motorola, Inc., v. J.B. Rodgers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 583-85 (D. Ariz 2003) (collecting examples), this court has not done so. Instead, it has utilized the standard for a motion to alter or amend judgment under Rule 59(e) when evaluating motions to reconsider an interlocutory order.

A motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. U.S.*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if (1) the court is presented with newly discovered evidence; (2) has committed clear error; or (3) there has been an intervening change in controlling law. *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is properly denied where it presents no new arguments, *see Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). By the same token, however, it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc.*, 229 F.3d at 890.  As the caselaw indicates, motions to reconsider are granted sparingly.  *See, e.g., School Dist. No. 1J,* 5 F.3d at 1263.

1    Defendants present no new evidence, they do not contend the court committed clear error in its
2    prior decision, nor have defendants pointed to an intervening change in controlling law as grounds for
3    reconsideration. The court previously found defendants' counsel's statements made during oral argument
4    at the Ninth Circuit constitute judicial admissions, and this issue was fully briefed, argued and decided.

    Based upon the foregoing, and good cause appearing, the defendants' motion to withdraw judicial admissions (#125) is **DENIED.**

    **IT IS SO ORDERED.**

    DATED:   February 26, 2010.

    _____
    UNITED STATES MAGISTRATE JUDGE