UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BRET LANTZ, et al., ) | 3:05-CV-0207-VPC |
| Plaintiffs, ) | |
| ) | **ORDER** |
| vs. ) | |
| KENNETH KREIDER, et al., ) | |
| Defendants. ) | |

Before the court are two pretrial motions. Defendants filed a motion to exclude legal claims not preserved by the jointer pretrial order (#133), plaintiffs opposed (#144), and defendants replied (#157). Plaintiffs filed a motion in limine (#138), defendants opposed (#149), and plaintiffs did not reply. Each motion is addressed in turn.

**1.   Defendants' motion to exclude legal claims not preserved by the joint pretrial order (#133)**

In their second amended complaint, plaintiffs allege five causes of action, four of which are brought pursuant to 42 U.S.C. § 1983 (#68). Plaintiffs allege a fifth cause of action for tortious interference with business interest, a state law claim. *Id.* Defendants contend that plaintiffs failed to preserve this state law claim in the joint pretrial order, and the ask that the claim be excluded at trial.[1] The joint pretrial order states that jurisdiction is based on federal subject matter, citing Section 1983 and other federal provisions, and "supplemental jurisdiction, 28 U.S.C. § 1367" (#86). Identified as both issues of law and fact to be tried are whether the defendants engaged in conduct that resulted in a prehearing deprivation of plaintiff's property rights as guaranteed by the Constitution, the Fourteenth Amendment and state law. *Id.* Although the joint pretrial order refers to supplemental jurisdiction and claims under state law, the defendants assert that these references are to plaintiffs' due process and

---

[1] Defendants refer to the seventh cause of action in plaintiffs' amended complaint (#9); however, the seconded amended complaint is the operative complaint (#68).

property rights under the Constitution and the Fourteenth Amendment. Since there is no specific reference to plaintiffs' claim for tortious interference with business interest, they have waived it.

The court does not read the joint pretrial order so narrowly. The centerpiece of plaintiffs' second amended complaint is that the defendants wrongfully deprived them of the constitutionally protected business interests under Section 1983. The state tort claim arises out of the same facts, includes the same legal elements, and is inextricably tied to the civil rights claims. The pretrial order invokes the court's supplemental jurisdiction to litigate the state tort claim. Pretrial orders "should be liberally construed to include to permit any issues at trial that are 'embraced by its language.'" *Miller v. Safeco Title Ins. Co.,* 758 F.2d 364, 368 (9th Cir. 1985) quoting *United States v. First National Bank of Circle,* 652 F.2d 882, 886-87 (9th Cir. 1981). Based upon the foregoing, the court concludes that the joint pretrial order sufficiently includes Section 1983 claims and the state law claim or tortious interference with business interest. Defendants' motion (#133) is denied.

**2.      Plaintiffs' Motion in Limine (#138)**

Plaintiffs' motion in limine concerns disclosure of additional materials from defendant Kreider's investigative file, which were only recently produced. Defendants produced an unlicensed business activity citation dated October 21, 1999, and a memorandum concerning payment of a fine associated with the citation. Prior to this disclosure, the court ruled that Mr. Kreider's investigative file may be used to refresh the recollection of testifying witnesses, but will not be introduced into evidence (#89). Plaintiffs seek to exclude these documents because they were first produced on February 16, 2010, and they also object on the grounds of relevance and prejudice.

Defendants concede that the 1999 citation and memorandum cannot be introduced into evidence based on the court's prior ruling; however, they argue that they produced the 1999 citation in a timely manner, that testimony concerning the citation is admissible to refresh recollection, and pursuant to Fed.R.Evid. 404(b). If plaintiffs offer testimony that "the business obeyed the law and that [d]efendant Kreider misinterpreted and misapplied the law, causing [p]laintiffs harm," defendants want leave to offer the citation to prove the policies, practices and customs of Able Services (#149).

The court first notes that although the 1999 citation and memorandum were not earlier produced, defendants supplemented their initial disclosures pursuant on Fed.R.Cvi.P. 26(a)(3)(B). Nevertheless, it remains true that Mr. Kreider's investigative file can only be used to refresh recollection and no documents in the file can be introduced into evidence. This includes the 1999 citation and memorandum. The question, then, is whether defendants can offer testimony about the 1999 citation. The court has reviewed the 1999 citation and notes that it is not referenced in the 2003 citation, and it does not relate to the substance of the 2003 citation, which alleged, "[Plaintiffs] conducted business in the State of Nevada as a tenant screening company after being warned to cease and desist such activity until properly licensed. Brett Lantz was previously warned to cease and desist such activity until properly licensed in January 1996" (#138, Ex. 4). The 1999 citation concerns pre-employment background checks on individuals seeking employment at Washoe Medical Center in 1997 and 1998 (#138, Ex. 3).

The court finds that the citation is not relevant to the alleged conduct in 2003, which led to the 2003 citation, for which plaintiffs were later exonerated. The issue at trial is whether defendants' actions outside the citation process are actionable under federal and state law. Testimony concerning the 1999 citation is not relevant, and even if it is, it is of very slight probative value, and its prejudicial effect outweighs any possible relevance it may have. Based upon the foregoing, plaintiffs' motion in limine (#138) is granted, and counsel for the parties, the parties, witnesses and court personnel shall make no reference to the 1999 citation or the accompanying memorandum.

Based upon the foregoing, and for good cause appearing, defendants' motion to exclude legal claims not preserved by the joint pretrial order (#133) is **DENIED** and plaintiffs' motion in limine (#138) is **GRANTED.**

**IT IS SO ORDERED.**

DATED: March 9, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

3