1
2
3                                    **UNITED STATES DISTRICT COURT**
                                          **DISTRICT OF NEVADA**
4
5    BRET LANTZ, et al.,                    )        3:05-CV-0207-VPC
                                            )
6              Plaintiffs,                  )
                                            )        **ORDER**
7         vs.                               )
                                            )
8    KENNETH KREIDER, et al.,               )
                                            )
9              Defendants.                  )
     _____)
10
11        Before the court is defendants' motion for clarification (#146), to which plaintiffs responded

     (#152). The court granted defendants' request for expedited briefing and did not permit a reply (#158).
12
13        On December 9, 2009, this court decided defendants' five motions in limine, which included

14   motion in limine #5 (#97) to exclude statements defendants' former counsel made during oral argument

     to the Ninth Circuit Court of Appeals. The court denied the motion (#112). Thereafter, defendants filed
15
     a motion styled as a motion to withdraw judicial admissions (#125) and in it, defendants identified the
16
17   following judicial admissions they wished to withdraw: (1) that defendant Kreider contacted the credit

18   reporting bureaus; (2) that he instructed them to cease providing plaintiffs with credit reports; and (3)

19   that he advised these credit bureaus that continuing to provide plaintiffs with credit reports might

     constitute a violation of Nevada law (#125, page 3, lines 18-22). The court construed defendants'
20
21   motion as a motion for reconsideration of motion in limine #5 and denied it (#140). Defendants have

22   now filed a third motion concerning this issue; this time, they request clarification about the court's

     ruling on judicial admissions.
23
24        The court has once again carefully reviewed the transcript of the oral argument before the Ninth

25   Circuit Court of Appeals. *See* Exhibit A to #152 ("transcript"). The court finds that the following facts

     constitute judicial admissions and provides citation to the Ninth Circuit transcript for sake of clarity:
26
27        1.   Defendant Krieder contacted the credit reporting bureaus and told them that the
               plaintiffs were conducting their business in violation of Nevada law. Transcript
               at page 16, line 6-20; 24:3-25.
28

1

2.    Defendant Kreider called the credit bureaus intending to stop them from giving the plaintiffs information.  Transcript at 16:11-20; 20:10-25; 21:1-12.

2

3

3.    Defendant Kreider deliberately told the credit bureaus to immediately stop providing information to plaintiffs.  Transcript at 17:11-17; 19:10-22.

4

5

4.    Defendant Kreider told the credit bureaus that if they continued to deal with the plaintiffs, then credit bureaus would be in trouble under Nevada law or federal credit reporting laws.  Transcript at 16:11-25; 17:1-5; 20:10-25; 21:1-12.

6        Now that this court has identified the judicial admissions it will give, contradictory testimony

7   will be self-evident to the parties.  The plaintiffs have advised they will request that the judicial

8   admissions be identified in the case-in-chief as conclusive facts, and they will object to contradictory

9   evidence presented by defendants (#152).  Plaintiffs also advise they do not intend to ask defendant

10  Kreider what he told the credit bureaus.  *Id.*

11        Turning to the issue of waiver, defendants cite *American Title Ins. Co. v. Lacelaw Corp.,* 861

12  F.2d 224 (9th Cir. 1988), for the proposition that if plaintiffs actively elicit evidence consistent with the

13  judicial admissions herein, the plaintiffs will be placing the matter back into contention, which waives

14  the judicial admissions.  This is not the holding in *Lacelaw.*  In that case*,* counsel for Lacelaw made a

15  binding judicial admission in the trial brief.  During trial, Lacelaw's witnesses' testimony contradicted

16  the statement in the trial brief.  However, American Title never requested the statement be deemed a

17  judicial admission, nor did it object to the introduction of contradictory evidence. Instead, it raised the

18  question in its motion for a new judgment.  The court held that the district court did not abuse its

19  discretion in refusing to treat the statement as a binding judicial admission.  *Id.* at 227.

20        Here, the court has ruled on the judicial admissions in advance of trial.  Plaintiffs intend to

21  present the deposition testimony of Ken Stowe and Julie Duffner, credit bureau representatives, who will

22  testify consistently with the judicial admissions and provide additional causation testimony that they shut

23  down access to credit reports due to defendant Krieder's telephone calls to them (#152, n. 6).  Based

24  upon the representations of plaintiffs' counsel, this testimony is not contradictory and cannot be

25  characterized as a waiver of the judicial admissions.

26

27

28

2

1    As to the balance of defendants' motion, the court declines to tell defendants' counsel what

2 questions they may ask defendant Kreider, since the court's clarification should make that task self-evident.

3    Based upon the foregoing, defendants' motion for clarification (#146) is **GRANTED IN PART**

4 and **DENIED IN PART** as more fully forth herein.

5    **IT IS SO ORDERED.**

6    DATED:   March 12, 2010.

7

8    _____
     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28