**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BRET A. LANTZ, *et al.* Plaintiffs, v. KENNETH KREIDER, *et al.*, Defendants. | ) | 3:05-cv-00207-VPC **ORDER** June 25, 2010 |

Before the court are plaintiffs' motion for attorneys' fees and bill of costs (#196, #197) and defendants' motion for attorneys' fees and bill of costs (#199, #200). Defendants responded to plaintiffs' motions (#204, #205), and plaintiffs replied (#207).[1] Plaintiffs responded to defendants motions (#206, #208) and defendants did not reply. The court has thoroughly reviewed the parties filings and rules on the motions below.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiffs filed suit against defendants in federal court pursuant to 42 U.S.C. § 1983, alleging that defendants, acting under color of state law, deprived them of their property and liberty without due process of law in violation of the Fourteenth Amendment.[2] They brought suit against the following defendants: Brian Sandoval,[3] David Spencer, Daniel Crate, Edward Gonzales, Carol Hanna, and Kenneth Kreider (#9). All defendants filed motions to dismiss. See #16 (motion to dismiss on behalf of defendants Spencer, Crate, Gonzales, and Sandoval); #17 (motion to dismiss

---

[1] Plaintiff's included an additional request for fees in their reply brief. The court gave defendants leave to file a sur-reply (#211), and defendants did so (#212).

[2] The plaintiffs consisted of Hugh Lantz, Bret Lantz, and Janice Lantz. The court refers to all three plaintiffs collectively as "plaintiffs." Where the court refers to Bret and Janice Lantz, it will use "the Lantzes." Where it intends to refer to an individual plaintiff, it will use the party's given (first) name.

[3] The case was originally assigned to District Judge Edward Reed, who referred the case to the Chief Judge because (then) District Judge Sandoval was a defendant in the case (#25). The Chief Judge reassigned the case to Judge David A. Ezra, United States District Judge from the District of Hawaii, sitting by designation in the District of Nevada (#26).

on behalf of defendant Kreider); #18 (motion to dismiss on behalf of defendant Hanna).

On March 29, 2006, the District Court granted all motions to dismiss (#27). All counts were dismissed with prejudice except for plaintiffs' state law claim. *Id.* Plaintiffs timely appealed the ruling (#32). Defendants Sandoval, Spencer, Crate, and Gonzales moved for attorneys' fees (#31); however, the court denied their motion (#39). Pending the appeal before the Ninth Circuit, plaintiffs filed their state law tort claim in state court.

On March 24, 2008, the Ninth Circuit Court of Appeals reversed and remanded the case to the District Court, holding that plaintiffs could proceed with their case against defendants Kreider and Hanna. *Id.*

On February 5, 2009, plaintiffs filed the second amended complaint, and the parties agreed to remove the state law tort claim. The parties engaged in discovery, which ended on June 12, 2009 (#84). Trial was originally set for September 28, 2009, but was continued until December 14, 2009.

As the December trial date approached, defendants filed five separate motions in limine (#93-97), and plaintiffs responded (#101). On December 4, 2009, defendants filed an emergency motion to vacate the trial date and continue trial (#105). After a hearing, the court vacated the trial date. A new trial date was set for March 16, 2010.

On March, 1, 2010, defendants Hanna and Kreider made offers of judgment to plaintiffs. Hugh accepted offers from both defendants. Janice accepted the offer from defendant Hanna, but she rejected defendant Kreider's offer. Bret Lantz rejected both offers, including that of defendant Hanna in the amount of $10,000.01.

On March 15, 2010, the court noted that Hugh had settled all of his claims and that Janice had settled with respect to defendant Hanna (#176). In addition, the Lantzes (Bret and Janice) withdrew their claims for relief under §1983 alleging due process violations of their liberty interests as well as the state tort claim. In other words, the Lantzes' only remaining claim for trial was under § 1983 alleging that defendants Kreider and Hanna deprived them of a property interest (goodwill in their business) without due process of law.

On March 16, 2010, the case went to trial. After four days of trial, the jury returned verdicts on all claims, all in favor of the Lantzes. The jury awarded Janice $200,000 and Bret $150,000 on

their claims against defendant Kreider. With respect to Bret's claim against defendant Hanna, the jury awarded Bret $10,000.00, one penny shy of defendant Hanna's offer of judgment.

On March 29, 2010, plaintiffs filed the instant motions for attorneys' fees and costs. On April 7, 2010, defendants filed their motion for attorneys' fees and costs.

## II. DISCUSSION & ANALYSIS

Prior to addressing the calculation of any fees, the court first determines whether plaintiffs and defendants are entitled to the fees requested.

### A. Entitlement to Attorneys' Fees

#### 1. Section 1988 and the "Prevailing Party"

The Civil Rights Attorney's Fees Award Act of 1976 provides for a prevailing plaintiff's recovery of reasonable attorney's fees in civil rights actions. *See* 42 U.S.C. § 1988 (" In any action or proceeding to enforce a provision of section . . . 1983 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . ."). "The purpose of § 1988 is to ensure the effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

"A party need not prevail on all issues litigated, but must succeed on at least some of the merits." *Cummings v. Connell*, 402 F.3d 936, 946 (9th Cir. 2005). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," and "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *City of Riverside v. Rivera*, 477 U.S. 561, 569 (1986) (quoting *Hensley*, 461 U.S. at 435). "In short, a plaintiff 'prevails' when actual relief on the merits of [the plaintiff's] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).

Here, the Lantzes prevailed on their claims against defendants. The jury awarded verdicts in their favor as well as significant awards of monetary damages. Hugh, as well as Janice, settled claims pursuant to settlement agreements which included attorneys' fees. Defendants argue that this court should decrease the fees based on plaintiffs' unsuccessful claims against defendants Spencer, Crate, Gonzales, and Sandoval. To that extent, plaintiffs appear to concede that a reduction of those

hours spent opposing defendants Spencer, Crate, Gonzales, and Sandoval's 2006 motion to dismiss would be proper. The court finds such a reduction reasonable, and as further explained in Part II.B.2, the court reduces the fees by $2,194.55.

Defendants also argue that plaintiffs should not recover fees because they voluntarily dismissed claims prior to trial as part of an overall legal strategy. On this point, the court does not agree. As part of what the court can surmise was defendants' legal strategy, defendants seized on the complexity of some of the claims. For example, on the eve of trial, the parties argued over the scope of admissible evidence with respect to the stigma-plus claim and the state tort claim. In addition, defendants submitted seventy-five pages of jury instructions with respect to three claims – all arising from the same series of events. Plaintiffs narrowed the focus of the issues for trial, enabling the jury to focus on simply one claim. In essence, the Lantzes proceeded with a "less is more" strategy and took great risk in eliminating perfectly valid claims. The dismissal of valid claims in order to create a more compelling and comprehensible case for the jury is well within the discretion of the plaintiff. It should not be viewed as a limit on their success. Moreover, as the Lantzes indicate, damages remained the same whether they pursued one legal theory or all of them.

Therefore, the court finds that the Lantzes' choice to dismiss certain claims, after the settlement of Hugh's and Janice's claims and prior to trial, does not mitigate the level of success achieved in the case.

**2. Attorneys' Fees Incurred Prior to Pleadings**

"The time that is compensable under § 1988 is that 'reasonably expended on the litigation.'" *Webb v. Bd. of Educ. of Dyer County, Tenn.*, 471 U.S. 234, 242 (1985). In *Webb*, the plaintiff's attorney sought fees incurred in attending administrative proceedings prior to filing suit in federal court. The Court held that such proceedings were not part of "the litigation" unless "a statute expressly requires the claimant to pursue available state remedies before commencing proceedings in a federal forum." *See id.* at 240 (distinguishing its holding in *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54 (1980), by explaining that Congress has required certain federal claims to resort to state and local remedies prior to recourse in federal forums). Section 1983 does not require that a plaintiff exhaust administrative remedies. *See Patsy v. Florida Bd. of Regents*, 457 U.S. 496

(1982).

Here, plaintiffs seek fees for time spent prior to the filing of the complaint. Upon review of the motion, these hours are reasonably necessary if expended in developing legal theory and the drafting of the complaint. Thus, the court finds that plaintiffs are entitled to such fees in this category.

**3. Attorneys' Fees and Expenses Incurred on Appeal**

A district court is not authorized to rule on the request for appellate attorneys' fees unless the fee applicant has requested such fees from the circuit court. *Cummings v. Connell*, 402 F.3d 936, 948 (9th Cir. 2005). Ninth Circuit Rule 39-1.6 provides that a request for attorneys' fees must be filed with the circuit clerk within fourteen days from the expiration of the period within which a petition for rehearing may be filed. *See* Circuit Rule 39-1.6, 1.8. The circuit rules allow for the transfer of a fees-on-appeal request to the district court for consideration, but "the decision to permit the district court to handle the matter rests with the court of appeals." *Cummings*, 402 F.3d at 948. Certain statutes allow for requests for appellate fees requests to be made to the district court, but attorneys' fees-on-appeal requests pursuant to § 1988 must be filed in the first instance in the circuit court. *Compare Natural Resources Defense Council, Inc. v. Winter*, 543 F.3d 1152, 1163-64 (9th Cir. 2008) (holding that a fee request under Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the district court to properly award fees for all levels of litigation).

Here, plaintiffs do not indicate that they made any requests for fees from the circuit court nor that they filed any motion to transfer consideration of attorneys' fees on appeal. In addition, the court's review of the docket in the circuit court does not reveal any order transferring the determination of fees to the district court. The court recognizes that this was presumably an oversight and that this oversight is met with harsh results (*i.e.* loss of $39,834.00 in requested fees). However, this court is without authority to award any such fees. Therefore, the court finds that plaintiffs are not entitled to fees incurred in the course of their appeal.

**4. Rule 68 Offers of Judgment and Section 1988**

Defendants submit a motion for attorneys' fees and non-taxable expenses (#200). Defendants

argue that Rule 68 mandates an award of attorneys' fees.[4]

"Rule 68 provides that if a timely pretrial offer of settlement is not accepted and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). "The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Id.*

In *Marek*, the Supreme Court held that Rule 68 "costs" include "all costs *properly awardable* under the relevant substantive statute or other authority." *Id.* at 9 (emphasis added). As the court noted:

> In other words, all costs properly awarded in an action are to be considered within the scope of Rule 68 "costs." Thus absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

*Id.* The court noted that "[s]ince Congress expressly included attorney's fees as 'costs' available to a plaintiff in a § 1983 suit, such fees are subject to the cost-shifting provisions of Rule 68." *Id.*

The Court held that civil rights plaintiffs who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected. *Id.* at 10. In other words, the plaintiff in *Marek* was unable to recover any of his own fees or costs incurred post-offer of judgment. However, in *Marek*, the district court refused to shift such fees and costs and the defendants did not contest that ruling. *See id.* at 4. Thus, the Court did not arrive at the question that we face in this case: whether a district court may shift the defendant's attorney's fees and costs to the plaintiff.

Since *Marek*, civil rights defendants have argued that Rule 68, read in conjunction with §

---

[4] Defendants also appear to argue that state procedural rules, specifically Nevada Rule of Civil Procedure 68, apply to this proceeding. *See* #200, pp. 3-4. The court disagrees. Typically, the federal rules govern procedural matters in civil actions in federal court. *See* Fed. R. Civ. P. 1; *Hanna v. Plumer*, 380 U.S. 460, 471, 473-74 (1965) ("When a situation is covered by the Federal Rules, the question facing a court is a far cry from the typical, relatively unguided *Erie* choice. . ."). Although provisions of Nevada Rules of Civil Procedure 68 may be exercised in diversity cases, jurisdiction in this case was under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction). Defendants do not present any reasons why the court should apply state procedural rules over Federal Rule 68.

1988, requires plaintiffs to pay a defendants' post-offer attorneys' fees. *Champion Produce Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1028-32 (9th Cir. 2003), thoroughly addressed the question. The *Champion Produce* court identified how other circuits had rejected the "deceptively simple syllogism" advanced by the defendants in these cases, which reads as follows:

> (1) Rule 68 requires a plaintiff to pay a defendant's post-offer costs;
> (2) Rule 68 costs, according to *Marek*, are determined by looking to the underlying substantive statute governing costs;
> (3) the underlying substantive statute governing costs permits the recovery of attorneys' fees as part of costs;
> (4) Rule 68 therefore requires the plaintiff to pay the defendant's post-offer attorneys' fees.

*Id.* (quoting *Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir. 1986)). The syllogism is straightforward and largely constitutes defendants' argument. On that basis, defendants request $124,000 in fees incurred post-offer of judgment.

However, *Champion Produce* exposed the weakness of logic in the above-mentioned syllogism and ultimately determined that the shifting of defendants' fees to plaintiffs under Rule 68 was not permitted. The court explained that *Marek* held that Rule 68 "costs" referred to "all costs properly awardable." *Champion Produce, Inc.*, 342 F.3d at 1029. Under § 1988, fees and costs are properly awarded to the "prevailing party." 42 U.S.C. § 1988(b). Civil rights *defendants* "prevail" when the plaintiff's claims are "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980) (quotations omitted). Thus, the question is whether the defendants here constitute a "prevailing party" within the meaning of the statute because "attorneys' fees are not 'properly awardable' to a defendant in a case where the relevant statute awards attorneys' fees to a prevailing party unless the defendant is a prevailing party within the meaning of that statute. *See Champion Produce*, 342 F.3d at 1030.

Here, the court cannot find that defendants were the "prevailing party" within the meaning of § 1988. With respect to any claims prior to the offers, Hugh and Janice settled claims with defendants pursuant to an agreement that called for payment of fees. With respect to Bret's claim against defendant Hanna, the defendants are correct that the verdict was not more favorable than the rejected offer. However, this does not render the defendants the "prevailing party." The jury's finding for Bret belies any notion that the claim was frivolous or groundless. In retrospect, Bret

Lantz's better choice would have been to accept the offer of judgment, which in all respects equaled the final verdict. However, the court is not prepared to call Bret's claim against defendant Hanna "frivolous, unreasonable, or groundless," when the jury surely thought otherwise. In short, the court finds that defendants' request for attorneys' fees and costs under Rule 68 is misplaced. On that basis, defendants' motion for attorneys' fees and costs is denied.

The proper course of action with respect to the unaccepted Rule 68 offer of judgment is to preclude plaintiff's recovery of that portion of fees and costs related to work on the Bret-Hanna claim after the date of the offer. *See Herrington v. County of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993).

**B. Calculation of the Reasonable Fee**

As previously discussed, plaintiffs have demonstrated that they are entitled to fees and costs as the prevailing party. The court described above the broad categories from which plaintiffs are entitled to attorneys' fees. Now the court addresses the calculation of those fees.

"Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In federal courts, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in the three Supreme Court cases of *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (awarding attorneys' fees pursuant Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988), *Blum v. Stenson*, 465 U.S. 886 (1984) (same), and *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986) (awarding fees pursuant to Clean Air Act 42 U.S.C. §§ 7401 *et seq*.). The lodestar method has "achieved dominance in the federal courts" and has, "as the name suggests, become the guiding light of our fee-shifting jurisprudence." *Purdue v. Kenny A.*, 559 U.S. ---, --- (2010) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002)). Under the lodestar method, the court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Because the lodestar figure is presumptively reasonable, adjustments that increase the award should be made only in "extraordinary" cases. *Purdue*, 559 U.S. at ---; *Pennsylvania*, 478 U.S. at 565.

///

**1. Reasonable Hourly Rate**

Plaintiffs propose the following rates: $350 per hour for Mssrs. Mowbray, Arrascada, Nomura, and Kelley; and $85 per hour for Mr. McDonald.

The Ninth Circuit has "repeatedly held that the determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party." *Welch v. Metropolitan Life Ins., Co.*, 480 F.3d 942, 946 (9th Cir. 2007). Rather, the reasonable hourly rate should reflect "the prevailing market rates in the relevant community." *Webb v. Ada County*, 285 F.3d 829, 840 n.6 (9th Cir. 2002). The relevant community is the forum in which the district court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). Reasonably competent counsel bill at a reasonable hourly rate based on the local legal community as a whole. *See Blum v. Stenson*, 465 U.S. 886, 893 (1984). "The definition of what is a reasonable fee applies uniformly to all federal fee-shifting statutes." *Anderson v. Director, Office Workers Compensation Programs*, 91 F.3d 1322, 1325 (9th Cir.1996).

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quoting *Blum*, 465 U.S. at 895 n. 11). "When a fee applicant fails to meet its burden of establishing the reasonableness of the requested rates, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." *Bademyan v. Receivable Mgmt. Servs. Corp.*, 2009 WL 605789, at *5, 2009 Dist. LEXIS 21923, at *15 (C.D. Cal. Mar. 9, 2009); *see, e.g., Widrig v. Apfel,* 140 F.3d 1207, 1209-10 (9th Cir. 1998) (finding plaintiff's hourly rate too high and reducing it). However, "[i]t is an abuse of discretion to apply market rates in effect more than two years before the work was performed." *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003).

Here, plaintiff submits the affidavit of local counsel attesting to the reasonableness of the fees charged in this type of case (#197, Ex. 5). Defendants arguably concede the reasonableness of the rates by contending that defense counsel is entitled to the same rate. *See* #200, p. 6. The court finds that the requested rates are reasonable.

**2. Hours Reasonably Expended**

Although district courts have discretion in determining the amount of a fee award; "it remains important . . . for the district court to provide a *concise* but *clear* explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437 (emphasis added). "It is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement." *Perdue*, 559 U.S. ---, --- (2010). The district court should give at least some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 485 (9th Cir. 1988) ("Courts need not attempt to portray the discretionary analyses that leads to their numerical conclusions as elaborate mathematical equations, but they must provide sufficient insight into their exercises of discretion to enable [the appellate court] to discharge our reviewing function").

A district court should exclude from calculation of the fee award those hours that are "not reasonably expended." *Hensley*, 461 U.S. at 434. "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Id.* "[W]hen faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee application.'" *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 193.1992) (quoting *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir.1983)).

The court breaks the fee application into the following chronological sections to analyze the fees within each category:

**A. Preliminary Research & Analysis (date of incident to April 5, 2005)**

**B. Pleading Stage (from April 5, 2005, to March 31, 2006)**

**C. Appeal (April 1, 2006, to March 24, 2008)**

**D. Proceedings in District Court after remand and until Rule 68 Offers of Judgment (from March 25, 2008, to March 1, 2010)**

**E. Offers of Judgment through Motion for Attorneys' Fees**

(from March 1, 2010, to March 29, 2010)

**F. Fees Incurred in Reply to Defendants' Motion (from March 30, 2010, to present)**

The court address the sections below.

**A. Preliminary Research & Analysis (date of incident until April 5, 2005)**

Plaintiffs request fees in the amount of $7,665.00 for 21.9 hours relating to the preparation and filing of the complaint. The description of each activity relates to the filing of the complaint and the formulation of their legal theories. Therefore, the court finds that these hours were reasonably necessary.

**Fees and Costs for Preliminary Research & Analysis**

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Jerry H. Mowbray | 2.2 | $350 | $770 |
| John Arrascada | 19.7 | $350 | $6,895 |
| **Section Total** | **21.9** | | **$7,665.00** |

In sum, the court awards all requested fees for preliminary research and analysis of the claim.

**B. Pleading Stage (from April 5, 2005, to March 31, 2006)**

Plaintiffs request a total of $11,869.50 in fees related to the case from the filing of the complaint until its dismissal by the District Court. This section includes 45.8 hours of attorney time (20.7 hours on behalf of Mr. Arrascada, 9.4 hours on behalf of Mr. Mowbray, and 15.7 hours on behalf of Mr. McDonald). Defendants argue that plaintiffs should not recover attorneys' fees for time spent opposing the motion to dismiss by defendants Spencer, Crate, Gonzales, and Sandoval. Defendants request a two-thirds reduction consistent with the number of defendants dismissed from the action. Plaintiffs concede that fees incurred in the opposition of the dismissal should be reduced; however, plaintiffs disagree that fees should be proportionally reduced by the number of defendants dismissed. In total, plaintiffs had to oppose three motions to dismiss: one from defendant Hanna, one from defendant Kreider, and one from the remaining four defendants. Plaintiffs identify the specific hours spent opposing each motion to dismiss. The court exercises its discretion and deducts the specified hours incurred in opposing the motion to dismiss from defendants Spencer, Crate, Gonzales, and Sandoval. This reduction totals 5.0 hours of time incurred by Mssrs. Arrascada and

Mowbray (two hours for Mr. Mowbray for entries on September 2, 2005, and October 7, 2005; three hours for Mr. Arrascada for entries on September 2, 2005) for a reduction of $1,750.00. As for Mr. McDonald, no such specific time allocation is tendered. Therefore, the court exercises its discretion and reduces his time by one-third (a total of 5.23 hours constituting $444.55) to account for research on the opposition to the motion.

**Fees and Costs from Pleading Stage**

| **Attorney** | **Hours** | **Rate** | **Lodestar** |
|---|---|---|---|
| Jerry H. Mowbray | 7.4 | $350 | $2,590.00 |
| John Arrascada | 17.7 | $350 | $6,195.00 |
| Michael B. McDonald | 10.47 | $85 | $ 889.95 |
| **Section Total** | **35.57** | | **$9,674.95** |

In sum, the court reduces the requested fees of $11,869.50 by $2,194.55 for a total of $9,674.95 in fees.

**C. Appeal (from April 1, 2006, to March 24, 2008)**

Plaintiffs request fees of $39,834.00 for 148.4 hours of work. As noted above, plaintiffs have not demonstrated that the district court is authorized to make such an award of fees incurred on appeal. Therefore, the court declines to award any fees with respect to this time period.

**D. Proceedings in District Court after remand and until Rule 68 Offers of Judgment (from March 25, 2008, to March 1, 2010)**

Plaintiffs seek fees of $189,677.50. Defendants argue that plaintiffs fees should be reduced because the Lantzes voluntarily dismissed claims prior to trial. Specifically, defendants maintain that time spent in opposing defendants' motion to exclude the state law claim should not be recovered because the decision was merely strategic and not necessary. The court does not find that litigation strategy is unnecessary to the prosecution of a case. The plaintiffs are the master of their complaint, *see Fair v. Kohler Die & Specialty* Co., 228 U.S. 22, 23 (1913); *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915), and plaintiffs have the prerogative to dismiss any valid claim for whatever reason.

Defendants also argue that plaintiffs spent unnecessary time in opposing a motion when plaintiffs knew that Hugh would accept settlement. On March 1, 2010, defendants filed a thirty-

eight page motion advancing the theory that since Hugh's name was not on the business certificate of Able Services, he had no cognizable interest in Able Services. The motion also requested that the court judicially notice issues affecting Janice and Bret. The parties are well aware that the local rules deem any failure to oppose as consent to granting of the motion, and presumably, Janice and Bret opposed on that basis at the least. Four and a half hours to assess, oppose, and draft an opposition to defendants motion was reasonable and necessary.

In addition, the court notes that defendants filed numerous motions of considerable length and complexity in the months prior to trial. These motions sought significant changes in the course of litigation and required diligent research and careful analysis of the issues and arguments. Plaintiffs time spent in opposing these matters was reasonable.

**Fees and Costs from District Court Proceedings**

| **Attorney** | **Hours** | **Rate** | **Lodestar** |
|---|---|---|---|
| Jerry H. Mowbray | 299.6 | $350 | $104,860 |
| John Arrascada | 54 | $350 | $18,900 |
| Michael B. McDonald | 12.5 | $85 | $1,062.50 |
| William Kelley | 7.25 | $350 | $2,537.50 |
| Don Nomura | 178.05 | $350 | $62,317.50 |
| **Section Total** | **551.40** | | **$189,677.50** |

In sum, the court awards all requested fees to plaintiffs and makes no reduction with respect to the above fees.

**E. Offers of Judgment through conclusion of proceedings (from March 1, 2010, to March 29, 2010)**

The Lantzes seek fees for $120,139.50 for 347.95 hours of attorney time spent from March 1, 2010, through the application of the instant fee memorandum (141.9 hours for Mr. Mowbray; 193.1 hours for Mr. Nomura; 6.75 hours for Mr. Kelley; and 6.2 hours for Mr. McDonald). Defendants argue that plaintiffs should be precluded from one half of these fees. They reason that defendant Hanna constituted one-half of the defendants in the action and that Bret's acceptance of the offer of judgment would have dismissed defendant Hanna from the action.

Defendants are correct in their assertion that this court must limit plaintiffs' recovery.

Rule 68 is mandatory, with no room for the court's discretion. *See* Fed. R. Civ. P. 68. However, after March 1, 2010, the case involved three claims against two defendants by two plaintiffs. The one claim which requires the limitation of plaintiffs' fees under Rule 68 is the Bret-Hanna claim. Thus, the court must determine what portion of fees were expended by Bret in the continued prosecution of his claim against defendant Hanna. Upon review of the records of time and its familiarity with the proceedings, the court finds that a 33% reduction in the hours would be appropriate, given that the Bret-Hanna claim represents one-third of the claims. Accordingly, the court finds that the following hours were reasonably necessary in the action:

**Fees and Costs from District Court Proceedings**

| **Attorney** | **Hours** | **Rate** | **Lodestar** |
|---|---|---|---|
| Jerry H. Mowbray | 95.07 | $350 | $33,274.50 |
| Michael B. McDonald | 4.15 | $85 | $ 352.75 |
| William Kelley | 4.52 | $350 | $ 1,582.00 |
| Don Nomura | 129.38 | $350 | $45,283.00 |
| **Section Total** | **233.12** | | **$80,492.25** |

In sum, the court reduces the requested fees of $120, 139.50 by $39,647.25, for a total award of $80,492.25 with respect to fees from trial incurred after the offers of judgment.

**F. Fees Incurred in Reply to Defendants' Motion**

In their reply to defendants' opposition, plaintiffs request additional fees in the amount of $24,570.00 for 70.2 hours spent opposing defendants' bill of costs. The court withheld determination of these fees until defendants had adequate time to respond (#211), and defendants responded (#212). Defendants challenge plaintiffs' fees on the following grounds: (1) plaintiff's fees in response to defendants' appeal are premature, (2) plaintiffs failed to divide the fees with respect to defendant Hanna's offer of judgment, (3) plaintiffs' requests are excessive and duplicative. The court addresses these arguments below.

First, defendants object to any fees incurred on appeal, and the court agrees. As discussed above, fees incurred on appeal are within the jurisdiction of the appellate court. *See Cummings*, 402 F.3d at 948. Therefore, the court grants defendants' request, exercises its discretion, and finds that those hours spent on appeal were not reasonably necessary to the proceedings at issue in this fee application.

Second, defendants argue that plaintiffs must bear their own post-offer costs and that plaintiffs' attorneys' fees incurred in response to defendants fee requests should be reduced. In essence, defendants argue that Rule 68 mandates the reduction of any work performed after the offer of judgment. The court does not agree and finds that any additional fees incurred with respect to defending their fee application and objecting to defendants' fee application were reasonably necessary.

Third, defendants also object to plaintiff's fees on the ground that they are excessive and duplicative. Defendants calculate the length of each motion (by excluding captions, title pages, etc.) and argue that the time pent on the court documents (defendants calculate it to be three hours per page) is excessive. Although the court finds such an argument specious,[5] the court does not dispense wholly with defendants' objections. Plaintiffs maintain that they spent over seventy hours in order to file a reply and respond to defendants' motion for attorneys' fees. The court finds this time to be excessive. This time roughly constitutes approximately ten percent of the total fees in the course of the litigation before this court. Thus, the court reduces the time accordingly. Counsel for the Lantzes' spent a combined total of 17.5 hours in preparation of the application for fees. The court believes that this amount of time serves as a good measure of what may have been reasonably necessary to oppose defendants' motion. As for the reply, the court finds that one-half of the hours spent in preparation of a motion is adequate time to craft a reply to defendants' response. The total hours would amount to 26.25 hours, a sixty-three percent reduction in time. Accordingly, the court finds the following hours of the plaintiffs' time reasonable:

**Fees and Costs in Reply and Response to Defendants' Motion**

| **Attorney** | **Hours** | **Rate** | **Lodestar** |
|---|---|---|---|
| Jerry H. Mowbray (response) | 11.5 | $350 | $4,025 |
| Jerry H. Mowbray (reply) | 5.75 | $350 | $2,012.50 |

---

[5] Counsel's conciseness should not be admonished by reducing fees incurred to create those briefs. Brevity is the product of hard work. In the words of Mark Twain, "If you want me to give you a two-hour presentation, I am ready today. If you want only a five-minute speech, it will take me two weeks to prepare."

| | | | |
|---|---|---|---|
| Don Nomura (response) | 6 | $350 | $2,100 |
| Don Nomura (reply) | 3 | $350 | $1,050 |
| **Section Total** | **26.25** | | **$9,187.50** |

**3. Costs**

**a. Plaintiffs' Bill of Costs (#196)**

Plaintiffs submit a bill of costs in the amount of $4,251.47.[6] Defendants object to the bill of costs. Specifically, defendants object to the costs incurred in service of dismissed defendants Spencer, Crate, Gonzales, and Sandoval.

Rule 54(d) provides that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Courts have interpreted this rule to create a presumption in favor of the award of costs in favor of the prevailing party, but reserving for the district judge the discretion to deny costs in appropriate circumstances. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Courts have the discretion to deny costs that are not authorized by law and costs for materials not necessary for use in the case. However, a district court may not deny costs because the prevailing party had rejected the defendant's Rule 68 offer of judgment. *See Champion Produce*, 342 F.3d at 1022-24.

Based on its review of the entire fee application and the bill of costs, the court finds that all costs were reasonably incurred except for costs to which defendants object. Service of the dismissed defendants (Sandoval, Crate, Gonzales, Spencer) was not necessary in this action. Therefore, the court reduces the costs incurred in their service. Specifically, the court reduces the costs by $1,387.02 for the fees associated in the investigation, travel, and service of those defendants.

In addition, the court must limit plaintiffs' recovery of costs incurred post-offer of judgment with respect to the Bret-Hanna claim. This would include fees for court reporting and witnesses;

---

[6] Plaintiffs assert that the total bill of costs is $4,491.47. The court recognizes that this figure likely reflect the "total" on the "Bill of Costs" or "AO 133" form ($4,251.47) in addition to witness fees of $240.00. However, the "Bill of Costs" or "AO 133" form already accounts for the witness fees in its total. *See* #196, p. 1. Therefore, the total costs is that which is reflected on the "Bill of Costs" or "AO 133" form, $4,251.47.

however, these costs shall remain for the Lantzes because the court finds that they were reasonably necessary for the prosecution of Janice's claims.

After subtraction of fees incurred in the service of the dismissed defendants, the court finds that plaintiffs are entitled to **$2,864.45** in costs.

**b. Defendants' Bill of Costs (#199)**

Defendants submit a bill of costs pursuant to Rule 54(d). However, defendants have failed to demonstrate how they are the prevailing party in this civil action. Therefore, the court denies defendants' request for costs.

**5. Total Lodestar Calculation**

In summary, the court notes that it has exercised its discretion and made the following **reductions** from plaintiffs' fee request:

- Reduction of $2,194.55 in fees incurred in the pleading stage of the proceedings before the District Court;
- Reduction of $39,834.00 in fees incurred in the appellate proceedings;
- Reduction of $39,647.25 in fees to reflect the limitation on plaintiff's recovery pursuant to Rule 68;
- Reduction in costs in the amount of $1,387.02;
- Reduction of $15,382.50 in fees incurred in plaintiffs' reply (#207) and their opposition to defendants' request for fees (#208).

The **total reduction** in fees and costs amounts to **$98,445.32**.

///

///

///

///

///

///

///

///

///

The court finds that the total lodestar for the entire award is as follows:

**Grand Total Fees and Costs**

| **Attorney** | **Hours** | **Rate** | **Lodestar** |
|---|---|---|---|
| Jerry H. Mowbray | 421.72 | $350 | $147,532.00 |
| John Arrascada | 91.4 | $350 | $ 31,990.00 |
| Michael B. McDonald | 27.12 | $85 | $ 2,305.20 |
| William Kelley | 11.77 | $350 | $ 4,119.50 |
| Don Nomura | 316.43 | $350 | $110,750.50 |
| **Total Lodestar** | **873.97** | | **$296,697.20** |
| **Total Costs** | | | **$2,864.45** |
| | | | |
| **Grand Total** | | | **$299,561.65** |

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiffs' motion for attorneys' fees (#197) and bill of costs (#196) are **GRANTED in part**.

**IT IS FURTHER ORDERED** that defendants' motion for attorneys' fees (#200) and bill of costs (#199) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants shall pay plaintiffs **$299,561.65** for attorneys' fees within thirty (30) days of this order.

**IT IS SO ORDERED.**

DATED: June 25, 2010.

Valerie P. Cooke

**UNITED STATES MAGISTRATE JUDGE**